PER CURIAM:
*147 Claimant brought this action for vehicle damage which occurred when his vehicle struck a rock while he was traveling through Tongue Hill, which is designated as County Route 47, between Pinch and Elkview. County Route 47 is a road maintained by respondent in Kanawha County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on January 29, 2008, at approximately 3:30 p.m. On the rainy afternoon in question, claimant was traveling on County Route 47 in his 1992 Buick LeSabre. County Route 47 is a narrow, two-lane road and there is a rock cliff along the side of the road. Claimant was driving at approximately thirty to thirty-five miles per hour when a rock the size of a five-gallon bucket rolled off of the hill side and onto the road, striking his vehicle. Although claimant tried to avoid the rock, he was unable to do so because there were vehicles traveling in the opposite direction. As a result of this incident, claimant’s vehicle sustained damage to its alignment, two tires, the front end inspection, and two tie rod ends in the amount of $538.63.
The position of the respondent is that it did not have notice of the rock on County Route 47. Mr. David Fisher, Highway Administrator for respondent in Kanawha County, testified that this is not an area that is known for rock falls. Mr. Fisher stated that there was a telephone call about a rock fall, but when respondent checked the area in question, the rock was gone. Respondent maintains that there was no prior notice of any rocks on County Route 47 prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dep’t. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dep’t. of Highways, 16 Ct. Cl. 68 (1986).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on County Route 47 in Kanawha County. Mr. Fisher testified that County Route 47 is not an area known for rock falls. The Court cannot hold respondent liable for the spontaneous falling of a rock. While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.